UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

FOLKS - FRIENDS OF THE LOWER
KEYS, LLC,
        Plaintiff,                            Civil Case No. 4:22-cv-10002-JEM

    v.

CITY OF MARATHON, FLORIDA,
        Defendant.

## JOINT MOTION TO ENTER CONSENT DECREE

The Parties jointly move the Court to enter the Consent Decree lodged with the Court on December 18, 2023 (ECF 36-1) ("CD"), which resolves Plaintiff's claims for injunctive relief and civil penalties.

### I.    BACKGROUND

This civil action was filed by Friends of the Lower Keys ("FOLKs") on January 11, 2022, against the City of Marathon ("the City" or "Defendant") pursuant to the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C § 1540. The Complaint alleges that the City's disposal of treated sewage through shallow injection wells constitutes unpermitted discharges in violation of the CWA and an illegal take of animals protected by the ESA. *Complaint* (ECF 1).

On February 17, 2023, the Parties jointly moved for a stay based on their agreement that (1) the City would engage an independent consultant to study the feasibility and cost of sewage disposal alternatives ("Feasibility Study") and the City would then select an alternative from the Feasibility Study as the final remedy to resolve this case and (2) FOLKs would seek a stay of the litigation to give the City the time it needed for the Feasibility Study. *Stipulated Interim Injunctive*

*Relief and Stay of Litigation; Joint Motion For Stay And Extension Of Trial Schedule Deadlines And Continuance Of Trial Date* (ECF 33, 33-1). On February 22, 2023, the Court granted the stay. *Order on the Joint Motion for Stay and Extension of Trial and Extending Certain Pretrial Deadlines and Continuing Trial* (ECF 34). The City commenced its Feasibility Study process, and FOLKs communicated periodically with the City throughout the course of the Study.

On November 15, 2023, the Feasibility Study was complete, and the City informed FOLKs of its selected disposal alternative from the Study, which was deep well injection of all of the City's wastewater effluent. The Parties then engaged in good faith negotiations and mediation to negotiate a Consent Decree memorializing the City's commitment to construct and operate the selected alternative. FOLKs signed the Consent Decree on November 30, and the Marathon City Council approved the Consent Decree at the earliest opportunity possible, on December 13, 2023.

On December 18, 2023, FOLKs lodged the Consent Decree with the Court and provided it to the United States for its 45-day review under Section 505(c)(3) of the CWA, 33 U.S.C. § 1365(c)(3). Plaintiff's Notice of Lodging of Consent Decree (ECF 36). The United States has no objection to the settlement. *Letter dated January 26, 2024, from the United States Department of Justice* (Ex. 1 hereto).

## II.   SETTLEMENT TERMS

The Consent Decree requires the City to construct all sewage infrastructure necessary to commence disposal of its wastewater effluent through a deep injection well in 5 years (December 31, 2028). *CD* at Section V (Injunctive Relief), ¶¶ 7-10. In consideration of the City's commitments under the Consent Decree, FOLKs agrees to release the City for the claims alleged in the Complaint through the date of this Court's entry of the Consent Decree. *CD* at ¶29.

The Court retains jurisdiction to enforce the Consent Decree until Termination. *CD* at ¶32. The Parties anticipate moving for Termination in approximately 6 years (December 31, 2029). *CD* at ¶¶ 7 and 34. The Consent Decree cannot be modified without mutual agreement between the Parties, and material modifications will require Court approval. *CD* at ¶33.

The Consent Decree does not resolve the issue of attorneys' fees and costs under the CWA. 33 U.S.C. §1365(d). *CD* at ¶30. The Parties currently are discussing settlement of the issue. FOLKs will move the Court for fees and costs under the CWA by May 1, 2024, unless the issue is resolved in a settlement with the City. *Joint Motion for New Case Management Order* (ECF 35) (pending Court ruling).

### III.   THE COURT SHOULD ENTER THE CONSENT DECREE

The settlement embodied in the Consent Decree is the result of extensive, arms-length and good faith negotiations between the Parties regarding significant changes to the City's sewage infrastructure over time. Having worked in good faith to reach agreement to the Consent Decree and its attachments, the Parties contend that the settlement is fair, reasonable, in the public interest and consistent with the Clean Water Act.

Accordingly, the Parties jointly move the Court to enter the Consent Decree and direct the Court's attention to page 20 for signature. (ECF 36-1).

Dated: January 29, 2024

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: */s/ Josh Migdal*
Josh A. Migdal, Esq.
Florida Bar No. 19136
Jordan Nadel, Esq.
Florida Bar No. 99582
josh@markmigdal.com
jordan@markmigdal.com
eservice@markmigdal.com

Kathryn Schmidt
Van Ness Feldman LLP
2000 Pennsylvania Ave. NW, Ste 6000
Washington, DC 20006
(202) 298-1982
kschmidt@vnf.com
*admitted Pro Hac Vice*

Edan Rotenberg
Super Law Group, LLC
110 Wall Street
New York, New York 10005
(212) 242-2355
edan@superlawgroup.com
*admitted Pro Hac Vice*

Caron Balkany
Bar No. 236179
Caron Balkany P.A.
P.O. Box 420859
Summerland Key, FL 33042-0859
(305) 849-1073
balkany@aol.com

*Attorneys for Plaintiff FOLKs – Friends of the Lower Keys*

Respectfully submitted,

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC**

By: */s/ Gary Perko*
Gary V. Perko
David W. Childs
Mohammad O. Jazil
Michael Beato
119 S Monroe St., Suite 500
Tallahassee, FL 32301
Tel: (850) 382-3164
gperko@holtzmanvogel.com
dchilds@holtzmanvogel.com
mjazil@holtzmanvogel.com
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com

*Counsel for Defendant, City of Marathon*